At this time we'll hear Mac v. Verizon Communications. Good morning. My name is Minerva Mack and I'm here about my pension benefits with Verizon because I think they're withholding them unfairly to me. I also think that the district court didn't understand exactly what I was trying to say. But now, I don't know, Verizon has conceded to my 900 hours of service for 1979, which was the argument because they told me I didn't have enough time. I was 100 hours short of my pension. And I can't figure out why. So now they said, all right, we're going to, Judge Wood said, we're going to give her her 900 hours for that year of 1979. But if I have 900 hours, I feel like I have my 1,000 hours because they said I need 1,000 hours for every, 1,000 hours for every year of service. So I started working for Verizon in 66, well, it was New York Telephone in 66. So they didn't start counting my pension benefits until I turned 22, which was in 1970. So in 19, each year that I work is 2,500 hours. But they told me I cannot use any of my hours from my 16 to 18 or 16 to 22. I can't use any of those hours. But I work 2,500 hours from 70 to 79. So if I'm short 100 hours, I work 2,500 hours a year. I only need 1,000 toward vesting. So that means they got 1,500 hours of work from me, too. So why can't they take the 100th hour that I need from one of those 10 years since they won't let me use my 13 years that I really have? So I don't know. I'm just trying to figure it out. And I called Mr. Houlihan to see if we could work it out. And he said he didn't think Verizon wanted to do that. So here we are. I don't know. I like Judge Woods, too. He was nice, but he didn't understand. They sent me a five-pound book that had everything in that book from 66 to 78, nothing for 79. And they kept telling Judge Woods that I didn't work in 79 when I did. And I proved it with my Social Security records. The year you left Verizon, or the year you left New York Telephone, were you going to get a job? No. And the question I'm going to ask you is whether you're 100 hours short that year. So I was just curious what prompted you to leave. No, I was terminated in 79. You were terminated? Yes. Okay. But I was already vested, so I thought. So now 42 years later, they're telling me that I'm not. Okay. Thank you. You're welcome. May it please the Court, my name is James Houlihan of the firm of Duane Morris, and I represent the board of Verizon Communications. This is a relatively straightforward, simple ERISA benefits review case. Is it right that we're talking about a 100 hours difference, or is that wrong? Your Honor, I think Judge, both the Verizon Claims Review Committee, which is the designated appeals authority under the plan, gave Ms. Mack a couple benefits of doubt during the process. As she mentioned, she started working in 1967, but she was in age 22, and when ERISA was enacted, it included a provision that allows plans to disregard service prior to reaching age 22. She rejoined New York Telephone in October of 1970, and if you just use that date to compute whether she had a year of service for 1970, she would fall short. And then she was terminated, as she mentioned, it was for absenteeism. Verizon records show February 13th of 1979, so she only had about six weeks of service in 1979, according to Verizon records. During the claims review process, she mentioned that she had had some service in earlier points in 1970, so the claims review committee gave her the benefit of the doubt on that and basically said, we'll give you the year of service for 1970, although arguably she didn't have that. Really, in terms of the issue that they addressed in the administrative review and the Judge Woods addressed, it is the question whether she had 1,000 hours in that last year of employment in 1979. And again, she made some different statements along the way about when her termination date and her amended complaint. She alleged that she was terminated February 13th, 1979, which is consistent with Verizon's records. During the course of the summary judgment briefing, she had some affidavits saying that she thought she worked through the end of April, and so both Verizon and Judge Woods again gave her the benefit of the doubt on that issue, and she still comes up 100 hours short even using that date, which is inconsistent with Verizon's records, but at least for purposes of summary judgment, Judge Woods gave her the benefit of the doubt. So unfortunately, yes, we're talking about 100 hours, and Verizon certainly took no pleasure in finding that she came up short, but of course the plan administrators have a fiduciary obligation to administer the terms of the plan as written, and there was really, no matter how you counted the hours or the years of service, she suggested she wanted to use hours that were, quote, extra from prior years, but the plan language incorporates a definition of year of service that includes calendar year of service, and that's consistent with, it's right out of the language of ERISA as it was enacted in 1974. She is referring to a terminal period of vacation pay, accrued sick days. How does that factor in? Well, it factors in differently because when she submitted her claim, she said she had received $1,600 of severance pay, which clearly would not be counted. Under the definition of hour of service, I think there might be an argument that you would, if she were paid for accrued vacation or unused sick, you would count that. Was she? Well, we don't have the records of that, but her Social Security, that was her argument based on her Social Security earnings. Well, why couldn't you look at Social Security earnings to find that out? Well, they did, and if you divide the total Social Security earnings, which include the severance pay, which would not be included, I think her total was about $4,600 for 1979, and Verizon and Judge Woods divided that by her closing weekly rate of pay, and she still comes up only with 20 hours, or I think Verizon's calculation was 18 weeks of service multiplied by 45 hours per week, which is what the plan gives you for a week of service, and she still comes up short by 100 hours. So, unfortunately, giving her the benefit, and Judge Woods did this, and the committee did this, the benefit of every doubt, she still comes up 100 hours short, unfortunately, for a 10-year vested pension. Thank you. Thank you, Your Honor. Ms. Mack, you have the option of responding. Mr. Houlihan has it wrong. I turned 22. I was born in February, so I turned 22 in February in 1970, so I had to be working. Where was I at? I worked that whole year. I got my 1,000 hours. For that whole year, I got 2,300 hours. The 1979 part, I think. Well, 1979, they kept telling Judge Woods that I didn't work in 1979. I only worked seven weeks, but that wasn't true, and I told him it wasn't true, and then I had to go to Social Security and pay $136.50 for my records to prove that I made almost $5,000 that year. So if I made $5,000, there's no way I worked seven weeks. What he said is that they then gave you the benefit of the doubt, extended the period from February to April, and you were still short. No. I can't be. I couldn't. I'm thinking that I already have 1,000 hours for 1979. They did not produce any records for me. Everything except 1979, because my termination papers would be in there. My signature would be in there, too, when I had to sign. They paid me $1,300 for $100 for every year of service. That's all. No vacation and no sick time. They didn't give me that for 1979. And her name in Edith's childhood was my supervisor at that time. So anything that had Edith's childhood signature on it would be . . . because she took my pass, and I had to sign. Verizon can't show me what date was on there. I don't know whether I have 900 hours or I have 1,200 hours. I don't know, because I don't remember the date. That's 42 years ago. Thank you. Thank you both. We'll reserve decision. That's the last case on calendar. Please adjourn court. Court is adjourned.